UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ADAM CAMPBELL, and :
COLLEEN CAMPBELL, :
    Plaintiffs :
: CIVIL NO. 1:12-CV-0869
    vs. :
:
:
MATTHEW NORDSTROM, :
    Defendant :
:

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion to dismiss filed by Defendant, Matthew Nordstrom. This matter relates to an alleged attack by Nordstrom, a Harrisburg city police officer, against Plaintiffs, Adam Campbell and Colleen Campbell. Plaintiffs filed the instant action alleging excessive force and state law assault. Defendant has moved to dismiss, arguing that the statute of limitations has expired and Plaintiffs failed to perfect service of process.

*II.    Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). On May 9, 2010, Plaintiffs were attempting to leave a bar in Duncannon, Pennsylvania, but the exit to the parking lot was blocked by

Defendant's truck.  Mr. Campbell requested that Defendant move his truck.  Defendant exited his vehicle, announced that he was a Harrisburg police office, and approached Plaintiffs.  Defendant attacked Plaintiffs with a police baton, resulting in serious injury to Mrs. Campbell.  On May 9, 2012, Plaintiffs filed the instant action, alleging state law assault and violation of their Fourth Amendment rights.

*III.        Discussion*

  *A. Standard of Review*

    *1. Motion to Dismiss for Failure to State a Claim*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and

conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### 2. *Motion to Dismiss for Insufficient Service of Process*

Federal Rule of Civil Procedure 12(b)(5) allows a complaint to be dismissed for insufficient service of process. FED. R. CIV. P. 12(b)(5). Plaintiffs, as the parties asserting service, bear the burden of proof. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." FED. R. CIV. P. 4(m).

### B. Statute of Limitations

Plaintiffs and Defendant agree that both claims in the complaint are subject to a two-year statute of limitations.[1] The complaint alleges that the events at issue took

---

[1] We also find that a two-year limitation period applies. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993) (applying the state statute of limitations period to § 1983 claims); see also 42 Pa.C.S. § 5524(1), (7) (providing two-year limitation period).

3

place on May 9, 2010.  Defendant argues that the instant action was not filed until May 10, 2012, outside of the limitations period.  However, Plaintiffs filed their complaint on May 9, 2012.  As a result of a clerical error, the case was not docketed until the following day.  See Docket Annotation on 12/11/2012.  Thus, we find that the action is not barred by the statute of limitations.

  *C. Service*

On August 8, 2012, service was made on "Capt. Oates" of the Harrisburg Police Department.  (Doc. 3, Affidavit of Service).  In addition to the affidavit of service, Plaintiffs provided the process server's unsworn declaration.  (Doc. 15-2).  The declaration indicates that Thom Lewis went to the Harrisburg Police Department on August 8, 2012 and requested to see Defendant.  He was instructed to go to the Captain's office.  There, he met with Captain Oates, who advised him that Nordstrom was not present, and she would accept service for him.  Defendant argues that this was not proper service and seeks dismissal of the complaint.

  Rule 4(e) provides that service may be effected by the following means:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>  (A) delivering a copy of the summons and of the complaint to the individual personally;
>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

4

FED. R. CIV. P. 4(e). We do not find that the present circumstances demonstrate service pursuant to Rule 4(e)(2)(A)-(B), because Plaintiffs do not claim to have served Defendant personally or at his dwelling. Plaintiffs do not argue that Captain Oates was an agent authorized by appointment or law to receive service of process pursuant to Rule 4(e)(2). To determine whether service was proper under Rule 4(e)(1), we look to Pennsylvania Rule of Civil Procedure 402. Rule 402(a)(2)(iii) provides that service may be made "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." PA. R. CIV. P. 402(a)(2)(iii). "[T]he 'person for the time being in charge' . . . must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service." Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir. 1993).

We agree with Defendant that service was not proper. Even considering the unsworn affidavit of the process server, there is no evidence that service was made "at any office or usual place of business" or that Captain Oates was "the person for the time being in charge thereof." See Johnson-Lloyd v. Vocational Rehabilitation Office, 813 F. Supp. 1120, 1125 (E.D. Pa. 1993) (finding service made at an office or usual place of business "pertains only to service at a place of business in which the defendant holds a proprietary interest, not at a place where he or she is merely an employee"); Grand Entm't Group, 988 F.2d at 486 (requiring some representation of authority by the "person for the time being in charge").

Plaintiffs argue that service was proper because Defendant received actual notice. However, the Third Circuit has found that notice is insufficient to overcome the procedural requirements in Federal Rule of Civil Procedure 4. See Stranahan Gear Co. v. NL Indus., 800 F.2d 53, 57 (3d Cir. 1986).

Defendant requests that the complaint be dismissed pursuant to Rule 4(m), which requires service within 120 days after the action is filed. Under the present circumstances, we decline to dismiss the case. See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (expressing preference that cases "be disposed of on the merits whenever practicable"). Instead, we will require Plaintiffs to effect service within thirty days.

*IV.*     *Conclusion*

For the reasons above, Defendant's motion to dismiss will be denied. Plaintiffs will be required to effect service within thirty days.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ADAM CAMPBELL, and :
COLLEEN CAMPBELL, :
    Plaintiffs :
: CIVIL NO. 1:12-CV-0869
    vs. :
:
:
MATTHEW NORDSTROM, :
    Defendant :
:

*O R D E R*

AND NOW, this 16th day of January, 2013, upon consideration of Defendant's motion to dismiss (doc. 11), and Plaintiffs' response thereto, and pursuant to the accompanying Memorandum, it is ordered that said motion is DENIED. Plaintiffs shall effect service within thirty (30) days of the date of this order.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge